Frank **SIBERT**, an individual and president of Sibco Products Co., Inc., and Sibco Products Co., Inc., Petitioners,

v.

**FEDERAL TRADE COMMISSION,**
Respondent.

No. 9, Docket 30270.

United States Court of Appeals
Second Circuit.

Argued Sept. 21, 1966.

Decided Oct. 17, 1966.

Frank Siebert, Newark, N. J., pro se.

W. Risque Harper, Washington, D. C. (James McI. Henderson, Gen. Counsel, and J. B. Truly, Asst. Gen. Counsel, F. T. C., Washington, D. C., on the brief), for respondent.

Before LUMBARD, Chief Judge, and WATERMAN and ANDERSON, Circuit Judges.

PER CURIAM:

In a complaint issued by the Federal Trade Commission, the petitioners, sellers of water filtration systems, were charged with deceptive advertising practices. After a hearing the Commission concluded that Sibert and his company had violated § 5 of the Federal Trade Commission Act, 66 Stat. 632 (1952), 15 U.S.C. § 45 (1959), on each of three separate charges and issued an appropriate cease and desist order. Sibert and his company now petition this court either to set aside the cease and desist order or to remand for further hearings on the ground that there was insufficient evidence to support the Commission's findings.

The Commission found that the petitioners had generally advertised the claim that their filtration device would make "pure" and "clean," water which was run through it. The Commission concluded that this representation might well cause the public to believe, what was conceded to be contrary to fact, that any microorganisms in the water would thereby be removed. This was clearly within the area of permissible inference and was in no sense arbitrary. F. T. C. v. Mary Carter Paint Co., 382 U.S. 46, 49, 86 S.Ct. 219, 15 L.Ed.2d 128 (1965); Keele Hair and Scalp Specialists, Inc. v. F. T. C., 275 F.2d 18 (5th Cir. 1960).

The petitioners also advertised in newspapers that their product was guaranteed for ten years, but the circulars sent to customers, who responded to the advertisements, disclosed that the guarantee was conditional upon payment by the customer of shipping costs and a $30 service charge. The Commission could properly conclude under the circumstances that the initial deception called for a cease and desist order. Exposition Press, Inc. v. F. T. C., 295 F.2d 869 (2d Cir. 1961); Carter Products, Inc. v. F. T. C., 186 F.2d 821 (7th Cir. 1951).

Finally, the Commission found that the petitioners' assertion in their advertisements that the filtration units in their water purifying device would function indefinitely was not true. There was ample expert testimony in the record to support this finding, and the order relating to it was fully warranted.

The petition to review and set aside the cease and desist order of the Commission is denied and enforcement of the order is granted.